IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AMANDA PATE**                                                                                         **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 3:21-cv-425-TSL-MTP**

**WALMART STORES, INC.**                                                     **DEFENDANT**

**<u>ORDER</u>**

THIS MATTER is before the Court pursuant to Order [21]. On January 21, 2022, Defendant filed a Motion to Compel [14], requesting that the Court compel Plaintiff to provide pre-discovery disclosures and respond to Defendant's interrogatories and requests for production. Defendant also requested payment of its reasonable fees and expenses incurred in the filing of the Motion [14]. Plaintiff failed to respond to the Motion [14], and on February 8, 2022, the Court granted the Motion [14] and ordered Plaintiff to provide her pre-discovery disclosures and respond to Defendant's interrogatories and requests for production of documents. *See* Order [16].

The Court also ordered Plaintiff to file a response, setting forth the reasons or circumstances, if any, which substantially justify her failure to serve disclosures and responses or which would otherwise make an award of fees and expenses unjust. *Id*. Plaintiff filed a Response [19], and after considered the Response, the Court found that awarding Defendant its reasonable fees and expenses is not unjust. *See* Order [21]. Accordingly, the Court directed Defendant's counsel to file an affidavit and itemization of fees and expenses incurred in connection with filing the Motion to Compel [14]. *Id*. The Court also provided Plaintiff an opportunity to file a response to the itemization of fees and expenses. *Id*. On February 24, 2022,

1

Defendant submitted an affidavit from its counsel, along with an itemization of fees. Plaintiff did not file a response.

Reasonable attorney's fees are determined by calculating the "lodestar" by multiplying the reasonable hours expended by a reasonable hourly rate. *League of United Latin Am. Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). A court must determine whether the total number of hours claimed was reasonable and whether specific hours claimed were reasonably expended. *Id*. After calculating the hours reasonably expended, a court must determine a reasonable hourly rate "based on the prevailing market rates in the relevant community." *Assoc. Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 347, 379 (5th Cir. 1990) (quotations and citation omitted). In making these considerations, a court should consider the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

In her affidavit, defense counsel states that Defendant incurred $2,224.00 in attorney's fees in connection with filing the Motion to Compel [14]. Defense counsel, however, states that the attorney's fees incurred include 9.2 hours at a rate of $220.00 per hour. 9.2 hours at a rate of $220.00 per hour produces a total amount of $2,024.00—$200.00 less than the total mentioned in the affidavit. Additionally, the itemization of fees provided by Defendant lists 9.4 hours (not 9.2 hours) expended by defense counsel. Thus, it appears that Defendant is seeking attorney's fees for 9.4 hours at a rate of $220.00 per hour for a total amount of $2,068.00.

---

[1] The *Johnson* factors include: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Regarding the hours expended, "[t]he Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude 'unproductive, excessive, or redundant hours.'" *Brown v. Ascent Assurance, Inc.*, 191 F. Supp. 2d 729, 733 (N.D. Miss. 2002) (quoting *Walker v. United States Dep't. of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)).  Hours which "are excessive, redundant, or otherwise unnecessary," or which result from the case being "overstaffed," are not hours "reasonably expended" and are to be excluded from the lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The Court is mindful, though, that its "goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

A review of the itemization of fees reveals that a portion of defense counsel's time was expended on issues other than Plaintiff's outstanding discovery responses, such as settlement negotiations, depositions, and strategy.  The Court finds that Plaintiff should not be responsible for these fees.  Defense counsel also listed the drafting of a status report and an unspecified email communication among the fees, and the Court finds that Plaintiff should not be responsible for these fees.  The Court finds that 7.5 hours were reasonably expended for matters related to the Motion to Compel.  Additionally, the Court finds that $220.00 per hour is a reasonable hourly rate.

IT IS, THEREFORE, ORDERED that Defendant is awarded reasonable attorney's fees in the amount of $1,650.00.  Plaintiff shall pay to Defendant, through Defendant's counsel, the sum of $1,650.00 on or before May 1, 2022.

SO ORDERED this the 22nd day of March, 2022.

                                                  s/Michael T. Parker
                                                  UNITED STATES MAGISTRATE JUDGE